**Thomas Lee EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–240 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 2, 1988.

Rehearing Denied Nov. 2, 1988.

Discretionary Review Refused Feb. 22, 1989.

Jimmie P. Price, Price & Price, Conroe, for appellant.

F.M. "Rick" Stover, Thomas D. Glenn, Asst. Dist. Attys., Peter Speers, III, Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was indicted for Aggravated Sexual Assault twice enhanced. A jury found him guilty and assessed his punishment at ninety-nine years' confinement in the Texas Department of Corrections, and a fine of One Thousand Dollars, from which appeal has been perfected to this court on one point of error, viz, "The trial court committed reversible error in charging the jury on the law of parole pursuant to the Texas Code of Criminal Procedure article 37.07, section 4(a)...."

*Rose v. State*, 752 S.W.2d 529 (Tex.Crim. App.1987), *on court's own motion for rehearing*, 752 S.W.2d 552 (Tex.Crim.App. 1988), did hold such an instruction to be unconstitutional. However, in determining whether a new punishment hearing is warranted in cases where the jury was instructed as to the parole law, the Court of Criminal Appeals held that a harmless error analysis should be made pursuant to the test established by *TEX.R.APP.P. 81(b)(2)*, which provides:

"(b) Reversible Error.

\*      \*      \*      \*      \*      \*

"(2) *Criminal Cases*. If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment."

In *Rose, supra,* the defendant was convicted of aggravated robbery and assessed a life sentence, the maximum possible. The court held that Rose was not entitled to a new punishment hearing, relying on these factors: (1) the giving of a curative instruction by the trial court, (2) the prior criminal history of the defendant, and (3) the facts of the case.

In our case, the trial court gave the curative instruction, which we must presume was followed by the jury. *Rose,* 752 S.W.2d at 554. Appellant has two prior felony convictions. And, most important are the grizzly facts of this case. The complainant was awakened by the Appellant holding a knife. He repeatedly raped her vaginally and in the anus. He stuck his fingers in her vagina, his fingernails causing pain. While he was forcing anal intercourse, he stuck a toothbrush up her vagina. He forced the complainant to lick and suck his fecal-covered penis.

About this case, we adopt the words of Judge Teague in his concurring opinion to the majority opinion on the court's own motion for rehearing in *Rose:*

"[I]n light of the facts of this cause, I unequivocally state that there is not a reasonable possibility that any rational jury would have returned any other verdict that [sic] the one that the jury in this cause did: life imprisonment."

752 S.W.2d at 557. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.