**Charles Weldon WILLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–194–CR.**

Court of Appeals of Texas,
Beaumont.

March 23, 1989.

As Corrected May 15, 1989.

G. Patrick Black, Beaumont, James F. Keegan, Houston, for appellant.

John R. DeWitt, Beaumont, for appellee.

OPINION ON REMAND

BROOKSHIRE, Justice.

By per curiam opinion, delivered November 9, 1988, 761 S.W.2d 21, the Court of Criminal Appeals remanded this cause, pointing out that *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1988), by the Court of Criminal Appeals, determined that *TEX. CODE CRIM.PROC.ANN. art. 37.07, sec. 4* (Vernon Supp.1987) is unconstitutional and that, under *Rose, supra,* it becomes necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of *TEX.R.APP.P. 81(b)(2).*

Our published opinion in this case is *Willis v. State,* 736 S.W.2d 196 (Tex.App.—Beaumont 1987, pet. granted). Our court, recently, has written pursuant to *Rose, supra. See Evans v. State,* 760 S.W.2d 760 (Tex.App.—Beaumont 1988, pet. ref'd). In

*Evans, supra,* our court reasoned that the Court of Criminal Appeals held that *Rose* was not entitled to a new punishment hearing while weighing these factors: (1) the giving of a curative instruction by the trial court; (2) the prior criminal history and the nature of the prior criminal history of the defendant; and (3) the facts of the instant case. The presence of all three factors need not coexist.

In the review of Charles Weldon Willis' case, the trial court gave a curative and limiting instruction strictly ordering the jury not to consider the extent to which the good conduct time might be applied, nor to consider, whatsoever, the manner in which the parole law might be applied to Willis.

 As well, the Appellant herein had a prior criminal record. The facts of this particular case, being very important, are also very grizzly, repulsive and aggravating. The Appellant, Willis, pleaded guilty to the offense of aggravated robbery. In fact, he pleaded guilty twice. Appellant received the proper admonitions and warnings. The admonitions and warnings were given to Appellant Willis in open court with his attorney of record standing at Willis' side. The acts and conduct of Willis, during parts of the commission of this offense, were somewhat similar to the actions and conduct of *Rose.* We presume that the jury followed the court's curative and limiting instructions. *Rose v. State,* 752 S.W.2d 529, 554 (Tex.Crim.App.1988). We conclude, beyond a reasonable doubt, that the reviewed error made no contribution, of course, to the conviction of Willis and, following *Rose, supra,* under this record, we also conclude, beyond a reasonable doubt, that the error flowing from the unconstitutionality of *TEX.CODE CRIM.PROC.ANN. Art. 37.07, sec. 4* (Vernon Supp.1989), made no contribution to the punishment assessed. We have adhered to *TEX.R.APP. P. 81(b)(2).* We, again, affirm the judgment and sentence.

AFFIRMED.