Larry **DENNIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 88 153 CR.

Court of Appeals of Texas,
Beaumont.

May 24, 1989.

Phillip W. Swisher, Conroe, for appellant.

Peter Speers, III, Thomas Glenn, Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

The Appellant was indicted for the offense of Burglary of a Building, with alleged enhancements of three prior felony convictions. Appellant pleaded not guilty; trial was by a jury. In the guilt-innocence stage the jury found him guilty. At the punishment stage, *upon a plea of true to all three enhancement paragraphs,* the jury assessed his punishment at life imprisonment in the Texas Department of Corrections.

Upon his initial appeal Appellant's notice of appeal was denied in a per curiam order by this Court, due to failure to file notice of appeal within the statutory thirty day time period under *TEX.R.APP.P. 41(b)(1).* The Court of Criminal Appeals, sitting en banc, granted Appellant's subsequent application for writ of habeas corpus, and in an unpublished opinion, ordered this Court to grant an out-of-time appeal. Upon his present appeal, Appellant asserts two points of error.

In point of error number one Appellant asserts that the State discriminatorily exercised two of its peremptory strikes against black veniremen on account of their race, thereby depriving Appellant, who is black, of his rights under the equal protection clause of the Federal Constitution. *U.S. CONST. amend. XIV, sec. 1.* Appellant relies on the United States Supreme Court decision in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The record reflects that Appellant filed his challenge in a motion to discharge the trial jury. Following the filing of said motion, the learned trial judge questioned the prosecutor to determine if a reasonable racially neutral explanation and grounds existed for such strikes, as required by *Batson, supra.* The prosecutor responded by filing a work chart he kept, which reflected his reasons for striking the two minority veniremen. He also filed copies of the information questionnaires of the two struck veniremen, which showed that they had failed to fully complete their questionnaires. The chart and copies were considered and admitted by the trial judge. The chart shows that venireman number twelve was struck, in the opinion of the prosecutor, for failure to complete the information questionnaire, poor attention and lack of responses, poor recollection and poor attention to detail about prior jury service, and also because he was not a past victim of crime. Venirewoman number sixteen was struck due to failure to complete the information questionnaire, poor attention and lack of responses, poor attitude or lack of seriousness toward voir dire, and because she was not a past victim of crime. The chart shows the prosecutor used all of his ten allowable peremptory strikes, and that the same reasons relied upon in the challenged strikes were used to justify striking four of the unchallenged peremptory strikes. The trial judge then denied Appellant's motion to discharge the jury.

The Supreme Court in *Batson* stated that a reviewing court should give a trial judge's findings on challenges attacking peremptory strikes great deference. *Batson, supra,* at 98, n. 21, 106 S.Ct. at 1724 n. 21. The Court of Criminal Appeals, applying *Batson,* stated that an appellate court's standard of review in such cases, which turn on an evaluation of credibility, is to consider the record in the light most favor-

able to the trial judge's rulings and determine if the rulings are supported by the record. *Keeton v. State*, 749 S.W.2d 861 (Tex.Crim.App.1988) (opinion following abatement). The trial judge's rulings, that no purposeful discriminations were committed by the prosecution, are amply supported by the record. Appellant's point of error one is overruled.

In his second point of error Appellant asserts that reversible error was committed by the trial court in charging the jury on the law of good conduct and parole pursuant to *TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4(b)* (Vernon Supp. 1989). This statutory instruction was ruled unconstitutional by the Court of Criminal Appeals in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (opinion on rehearing). The instruction was held violative of the separation of powers doctrine stated in *TEX. CONST. art. II, sec. 1.*

In *Rose, supra,* the Court of Criminal Appeals mandated that a harmless error analysis must be conducted to determine whether a new punishment hearing should be required when the jury received such a parole law instruction. *Rose, supra,* at 554. Such analysis must be made pursuant to the test established by *TEX.R.APP.P. 81(b)(2),* which provides:

"(b) Reversible Error.

. . . .

(2) *Criminal Cases.* If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment."

The Court of Criminal Appeals upheld the defendant's conviction and life sentence for aggravated robbery in *Rose,* relying, we perceive, upon a three-factor test: 1) the giving of a curative instruction by the trial court; 2) the defendant's prior criminal record; and 3) the facts indicating the seriousness of the offense. *Id.* at 554. See also *Evans v. State*, 760 S.W.2d 760 (Tex.App.—Beaumont 1988, pet. ref'd). In the case before us we find that the trial

court gave a curative instruction to the jury.

Appellate courts are to presume that the jury will follow the instruction given by the trial court. The presumption that the jury did not improperly consider the effect of parole and good conduct time can be effectively rebutted by the defense. *Shorten v. State*, 764 S.W.2d 358 (Tex.App.—Beaumont 1989, pet. ref'd). However, we speedily recognize that modern juries are intelligent, sophisticated and able to accurately and conscientiously follow the plain instructions of the trial judge. *Id.* at 360.

The prior criminal record of Appellant is also patently supportive of the jury's verdict in this matter. *He had pleaded "true" to all three enhancement paragraphs in the indictment.* The proof showed that he did, indeed, have three prior burglary convictions. In addition, three witnesses testified that Appellant's reputation in the community was that he was not a peaceful nor a law-abiding citizen.

In addition, the seriousness of the primary offense shows that the giving of the parole law instruction was harmless error. Appellant, as the record shows, intentionally entered a liquor store owned by complainant for the purpose of committing theft. He gained entry into the store by breaking a hole in the roof, causing roof and insulation damage. He entered the store through the opening, which was above a bathroom in the rear of the store. Appellant stole money from the cash register, removed cartons of merchandise from store shelves, and had broken into the floor safe kept in the store. He had obtained possession of a revolver owned by complainant, which was found on the store counter in front of Appellant at the time of his arrest. The pistol was easily accessible to him had he not been prevented from using it by the alert response of the police officers to the silent alarm, which was activated by Appellant's felonious entry into the store.

We do not take the position that the 3–factor test in *Rose* is absolute. We think, however, these factors are valid guidelines. The curative instruction admit-

**528**

tedly was the one given in the statute. However, we do think Appellant's prior criminal record and the fact that he was found with a weapon near to him were important factors. This Appellant had been convicted of three prior burglaries. He pleaded "true" to each enhancement paragraph.

We do not think that *Rose* mandates an absolute 3–factor test. Rather, a harmless error analysis, under Rule 81(b)(2), entails a flexible, but reasoned consideration of the elements of the test under *Rose*. The jury was clearly justified in imposing a life sentence upon a patent habitual offender such as Appellant. We find, beyond a reasonable doubt, that the unconstitutional parole law instruction made no contribution to the imposition of a life sentence by the jury on Appellant. Appellant's point of error number two is overruled.

In conclusion, both of Appellant's points of error are overruled. The judgment and sentence of the trial court was, in all its particulars, correct. The judgment is affirmed.

AFFIRMED.